IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YURIY FAUSTOV, | : | |
| Plaintiff, | : | 1:13-cv-1133 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JENNIFER MROZ, | : | |
| Defendant. | : | |

## MEMORANDUM

May 22, 2015

Plaintiff Yuriy Faustov ("Plaintiff"), a Pennsylvania state inmate formerly incarcerated at the Pike County Correctional Facility, Lords Valley, Pennsylvania, proceeding *pro se*, commenced this civil rights action (Doc. 1) on April 29, 2013, alleging an Eighth Amendment claim of deliberate indifference to his serious medical needs. Physician's Assistant Jennifer Mroz ("Defendant") is the sole defendant. The matter is presently proceeding *via* an amended complaint (Doc. 30) filed on April 24, 2014. For the reasons set forth below, the action will be deemed abandoned and dismissed for failure to prosecute.

## I.    PROCEDURAL BACKGROUND

Upon receipt of Plaintiff's complaint, the court forwarded to Plaintiff the "Standing Practice Order in Pro Se Plaintiff Cases" (Doc. 3), which informed him of his affirmative obligation to keep the court apprised of changes in his address

and warned that if the court is unable to communicate with him because of his failure to notify the court of any address changes, he will be deemed to have abandoned the lawsuit.  (Doc. 3 at 4).

On July 1, 2013, Defendant moved (Doc. 15) to dismiss Plaintiff's complaint.  Plaintiff failed to oppose the motion.  The court entered an order (Doc. 18) on August 29, 2013, affording him until September 12, 2013, to file an opposition brief; he filed his opposition brief (Doc. 19) on September 13, 2013. On February 11, 2014, an order (Doc. 23) issued granting Defendant's motion to dismiss the complaint but affording Plaintiff twenty-one days to file an amended complaint.  The order was returned as "undeliverable."  (Doc. 24).  A second order (Doc. 25) issued directing the Clerk of Court to resend the February 11, 2014 order and affording Plaintiff an additional twenty-one days to file an amended complaint. The order was returned with the notation "Not Here."  (Doc. 26).  On March 20, 2014, at the direction of the court (Doc. 27), the clerk of court resent the order a third time.  Plaintiff acknowledged receipt of the order and requested additional time to file an amended complaint.  (Doc. 28).  An order (Doc. 29) issued on April 2, 2014, affording him until April 30, 2014 to amend the complaint.  Plaintiff filed the amended complaint (Doc. 30) on April 24, 2014.  Defendant filed an answer (Doc. 31) on May 1, 2014.  After a significant period of inactivity, on April 23,

2015, the court entered a scheduling order (Doc. 32).  The order was return as

"RTS-Inmate Released."  (Doc. 33).  Plaintiff was released on February 20, 2015.

(*Id.*)  Plaintiff has failed to provide the court with a forwarding address.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41 (b) provides that an action may be

involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these

rules or a court order."  Further, the rule permits *sua sponte* dismissals by the court.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Hewlett v. Davis*, 844 F.2d

109, 114 (3d Cir. 1988) (same).  In determining whether to exercise its discretion

to dismiss as a sanction for failure to prosecute and failure to comply with court

orders, a district court must balance the six factors set forth in *Poulis v. State Farm*

*Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984):  (1) the extent of the party's

personal responsibility; (2) the prejudice to the adversary caused by the failure to

meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)

whether the conduct of the party or the attorney was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of

alternative sanctions; and (6) the meritoriousness of the claim or defense.  *Ware v.*

*Rodale Press, Inc.*, 311 F.3d 218, 221 (3d Cir. 2003); *see also Adams v. Trustees of*

*N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-78 (3d Cir.1994)

(applying *Poulis* factors to dismissal under Rule 41(b)). The court must consider all six factors. *Ware*, 322 F.3d at 221-22; *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 162 (3d Cir. 2003). Dismissal is an extreme sanction, and any doubts should be resolved in favor of an adjudication of the case on its merits. *Id.* However, each factor need not be satisfied to justify dismissal. *Id.*

A.   Analysis of the *Poulis* Factors

1.   *The extent of the party's personal responsibility*

A *pro se* plaintiff is responsible for his failure to comply with a court's orders. *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Plaintiff is solely responsible for failing to comply with the order setting forth his affirmative obligation to keep the Court informed of his current address. In addition, he is personally responsible for his inability to comply with the court's recent scheduling order directing that the parties engage in discovery and move the litigation to resolution.

2.   *The prejudice to the adversary*

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994)(internal

4

quotations and citations omitted.)  Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  *Id.* at 874.

Plaintiff's failure to move the litigation forward has resulted in significant delays.  Simply put, there is no way for the Defendants to defend against the claims in this action in the absence of Plaintiff's participation; nor is there any way for the Court to bring the litigation to conclusion.

### 3.    A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  *Adams*, 29 F.3d at 874; *see also Ware v. Rodale Press, Inc.*, 322 F.3d at 222 (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); *Emerson*, 296 F.3d at 191 (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines).  Plaintiff's failure to take any action to prosecute his claim has clearly caused extensive delay.

### 4.    *Willful conduct or bad faith*

Under this factor, the district court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.*; *see also Emerson*, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence).  There is no indication that Plaintiff engaged in willful conduct or acted in bad faith.

### 5.    *Effectiveness of sanctions other than dismissal*

Ordinarily, a district court must consider the availability of sanctions alternative to dismissal.  *Poulis*, 747 F.2d at 869.  However, where a plaintiff is proceeding *pro se*, and moreover, is proceeding *in forma pauperis*, as is the case here, it has been found that no alternative sanctions existed because monetary sanctions, including attorney's fees, "would not be an effective alternative." *Emerson*, 296 F.3d at 191.  In a scenario such as the present one, where the court is faced with a complete lack of cooperation on the part of the individual that brought the action, the only appropriate sanction is dismissal.

6.    *Meritoriousness of the claim*

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70, *citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

The final consideration is the meritoriousness of Plaintiff's Eighth Amendment deliberate indifference claim.  For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (*quoting Farmer*, 511 U.S. at 837).  Deliberate indifference has been found where a prison official:  "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a

7

prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197.  Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (*quoting Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).  Allegations of negligent treatment or medical malpractice do not trigger constitutional protections.  *Estelle*, 429 U.S. at 105–06.

It is doubtful that Plaintiff's claim would survive a motion for summary judgment.  He is essentially challenging Defendant's decision to "experiment" with his Type II diabetes insulin medication by substituting a pill for twice daily injections.  (Doc. 30, p. 2).  At no time was he denied medication.  He alleges that he suffered adverse effects from the pill and that, in the end, "Defendant Jennifer Mroz had personally admitted to [him] her fault, said that it was a mistake and that she was sorry for the inconvenience."  (*Id.* at p. 4).  At best, the allegations against Mroz rise to the level of negligence.  Consequently, given Plaintiff's apparent loss of interest, it would be a waste of resources to require Defendant to engage in discovery and file a dispositive motion or proceed to trial.

B.     Balancing of the *Poulis* Factors

In balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint.  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).  A full analysis of the factors reveals that five of the six factors weigh in favor of dismissal of the action for failure to prosecute.

## III.   CONCLUSION

In conclusion, the *Poulis* factors weigh heavily in favor of dismissal of this action.  The court is left with no choice but to deem the action abandoned and to dismiss it pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate order will issue.